**Beverly Jo JONES, Plaintiff–Appellant,**

v.

**State of ALABAMA, Governor of Alabama, Attorney General, State of Alabama, Defendants–Appellees.**

**No. 15–13573**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 2, 2016.

Beverly Jo Jones, Saraland, AL, pro se.

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Beverly Jo Jones, proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of her 42 U.S.C. § 1983 action claiming a violation of the First Amendment. The district court dismissed the appeal for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine.[1] Jones raises one issue on appeal, arguing generally that a state court no-contact order violated her civil rights. After careful review, we affirm.

We review *de novo* the district court's application of the *Rooker–Feldman* doctrine. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir.2013). Although we construe *pro se* pleadings liberally, we will not "rewrite an otherwise

---

1. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir.2014) (quotation omitted).

The *Rooker–Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir.2009) (quotation omitted). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quotation omitted). It applies when the issues presented to the district court are "inextricably intertwined with the state court judgment." *Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1262 (11th Cir.2012) (quotation omitted). An issue is "inextricably intertwined" when "(1) the success of the federal claim would effectively nullify the state court judgment" or "(2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* at 1262–63 (quotations omitted). However, the doctrine does not bar federal review unless the plaintiff had a reasonable opportunity to raise the federal claim in an earlier state proceeding. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam).

To obtain a reversal of the district court, "an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir.2014). If the appellant does not address one of the grounds, she "is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

First, Jones does not address the *Rooker–Feldman* doctrine in her brief and has therefore abandoned the issue on appeal.

But even if she had not abandoned the issue, the *Rooker–Feldman* doctrine bars her claim. Jones seeks to have the federal district court directly overrule the Alabama state courts by removing the no-contact order. As such, she is complaining of injuries caused by a state court judgment after losing in state court. *See Nicholson*, 558 F.3d at 1268. And the success of her federal claim "would effectively nullify the state court judgment." *Alvarez*, 679 F.3d at 1263 (quotation omitted). Jones makes no argument, nor does the record reflect, that she had no reasonable opportunity to raise her constitutional claims in an earlier state proceeding. *See Casale*, 558 F.3d at 1260. We affirm the district court's conclusion that the claim was barred due to lack of subject-matter jurisdiction by the *Rooker–Feldman* doctrine. We also deny Jones's pending motion to reconsider remand.

**AFFIRMED.**

